Allan D. NewDelman, Esq, (004066)
ALLAN D. NEWDELMAN, P.C.
80 East Columbus Avenue
Phoenix, Arizona 85012
Telephone: (602) 264-4550
Facsimile: (602) 277-0144
Email: ANEWDELMAN@QWESTOFFICE.NET
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In re | In Proceeding Under Chapter 11 |
| Maxart Animal Health, Inc. | Case No. 08-00993 GBN |
| Debtor | (Jointly Administered) |
| Amkim, LLC | Case No. 09-01587 GBN |
| Debtor | |
| | Adv. No. 09-01203 GBN |
| Maxart Animal Health, Inc. | COMPLAINT TO COMPEL TURNOVER OF ESTATE ASSETS AND PREFERENCE RECOVERY |
| Plaintiff. | |
| v. | |
| Aberdeen Animal Hospital, P.C.; Thom Myers and Kristy Myers, as husband and wife | |
| Defendants | |

NOW COMES the Plaintiff, Maxart Animal Health, Inc., as Debtor in Possession and in its role as Trustee, by and through counsel, to hereby state for its Complaint as follows:

GENERAL ALLEGATIONS

1.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; 28 U.S.C. § 2201(a); 11 U.S.C. § 506(a), and Rule 7001 et seq. Rules of Bankruptcy Procedure This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B), 157(b)(2)(I) and 157(b)(2)(K).

2.

Plaintiff is an Arizona corporation and is licensed to business in the State of Arizona and is the Debtor in the above referenced Chapter 11 case.

3.

Defendant Aberdeen Animal Hospital, P.C., upon information and belief, was an Arizona corporation and was licensed to business in the State of Arizona as a veterinary clinic.

4.

Defendants Thom Myers and Kristy Myers, upon information and belief, are residents of the State of Arizona and were the owners of Aberdeen Animal Hospital, Inc.

5.

Plaintiff filed a voluntary Chapter11 petition on February 1, 2008 in the District of Arizona, Case No. 08-00993 GBN.

6.

On or about September 15, 2004, Defendant, Aberdeen Animal Hospital, Inc., sold its entire business to the Plaintiff for the sum of $800,000.00 with the entire balance secured by a promissory note, security agreement and personal guarantee which are now property of this bankruptcy estate. Upon information and belief, a UCC Financing Statement was to be recorded with the Arizona Secretary of State at the time of the sale.

7.

The proof of claim filed by the Defendants in the Plaintiffs's Chapter 11 case on April 29, 2008 did not include a UCC Financing Statement. A subsequent search on the Arizona Secretary of State's website failed to yield a recorded UCC Financing Statement. Plaintiff asserts that in order for a financing statement to be perfected as a lien against business assets, it must be recorded.

8.

Plaintiff asserts that as result of no UCC Financing Statement being timely filed, the Defendants failed to perfect their security interest and as a result, Defendants are an unsecured creditor in the Debtor's bankruptcy case.

9.

Since the filing of this Chapter 11 case, Plaintiff has erroneously paid the Defendants the sum of $75,304.00. Payment was made under the mistaken belief that the Defendants held a valid perfected lien against property of this estate.

10.

Debtor filed an Objection to the secured claim of the Defendants on July 29, 2009 asserting that the Defendants had failed to perfect its security interest and that the Defendants held a general unsecured claim.

COUNT I - TURNOVER

11.

Plaintiff reallege the allegations contained in Paragraphs 1 through 10 as fully set forth herein.

12.

11 U.S.C. §542 requires an entity to turnover estate property which the Trustee may use,

sell or lease pursuant to 11 U.S.C. §363. The Debtor, acting as Debtor in Possession and its role as Trustee, has the authority to pursue this action on behalf of the estate.

13.

Since the commencement of this Chapter 11 case, Defendants have received the sum of $75,304.00, which must be returned to the bankruptcy estate and distributed as required by the Bankruptcy Code.

COUNT II - PREFERENCE

14.

Plaintiff reallege the allegations contained in Paragraphs 11 through 13 as fully set forth herein.

15.

Defendants, as a result of their lien being unperfected, are a general unsecured creditor of this bankruptcy estate.

16.

During the 90 days prior to this the original petition date, Defendants received the sum of $22,591.20 on an account of antecedent debt.

17.

The payment to the Defendants as set forth above was made at a time when the Debtor was insolvent and enabled the Defendants to receive more than it would have in a case under chapter 7 if such payment had been made. This payment is avoidable by the Debtor (on behalf of the estate and in its role as Trustee) pursuant to 11 U.S.C. §547.

**WHEREFORE**, Plaintiff prays that this Honorable Court find in favor of the Plaintiff and

provide the following relief:

    a.    An Order of this Court requiring the Defendants to turnover the sum of $75,304.00 to the Debtor.

    b.    For the entry of an Order avoiding the payments made to the Defendants pursuant to 11 U.S.C. §547.

    c.    For a judgment against the Defendants order the Defendants to male payment to the Debtor in the sum of $22,591.20.

    d.    For interest on all amounts at the Federal District Court Judgment rate from the date of the Complaint until payment in full.

    e.    That Plaintiffs recover any additional relief that this Court deems justified and appropriate and/or allowable at law and equity.

RESPECTFULLY SUBMITTED, this 16th day of September, 2009.

                                      ALLAN D. NEWDELMAN, P.C.

                                      <u>/s/ Allan D. NewDelman</u>
                                        Allan D. NewDelman, Esquire
                                        Counsel for the Debtor/Plaintiff